UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Geoff Winkler,

Plaintiff

v.

Kathy Humphries, et al.,

Defendants

Case No. 2:26-cv-01003-CDS-NJK

**Order Granting Motion for Voluntary Dismissal with Prejudice of Defendant Carlos Jones**

[ECF No. 47]

Plaintiff Geoff Winkler, in his capacity as the court-appointed receiver, and defendant Carlos Jones filed a stipulation to dismiss the receiver's claims against Jones. ECF No. 47. The stipulation is signed by counsel for the plaintiff and by Jones, who is proceeding pro se, and it provides the claims are dismissed "[p]ursuant to FRCP 41(a)(2)." *Id.* As such, the joint stipulation of dismissal is construed as a motion for voluntary dismissal by court order under Rule 41(a)(2).[1]

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." However, under Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper," Fed. R. Civ. P. 41(a)(2), and the rule expressly contemplates that the dismissal may be with prejudice if the court so specifies. *See id.* ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v.*

[1] The parties chose not to invoke Rule 41(a)(1)(A)(ii). Instead, they expressly invoked Rule 41(a)(2), which permits a plaintiff to dismiss an action by court order on terms the court considers proper. Plaintiffs rarely proceed under this rule because that provision permits the court to deny the request or impose conditions. Nonetheless, Rule 41(a) expressly provides that a plaintiff "*may* dismiss an action without a court order" by filing a stipulation of dismissal. Fed. R. Civ. P. 41(a)(1)(A) (emphasis added). The rule does not, however, *require* as much.

*Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted). "Legal prejudice" means "prejudice to some legal interest, some legal claim, some legal argument." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The parties' filing makes clear that they desire to end this litigation as it pertains to Carlos Jones. Perhaps due to an oversight, they cite Rule 41(a)(2) instead of (a)(1). Nonetheless, as Jones signed the stipulation, it appears he does not oppose dismissal, and the court cannot identify any prejudice that would result from dismissal. It does not appear that Jones is inextricably entangled in the claims such that his continued presence in the litigation is necessary; therefore, granting the motion, presumably, would not prejudice the remaining defendants in any way.

Accordingly, the parties request to dismiss **[ECF No. 47] is granted**. All claims against Carlos Jones are dismissed with prejudice, with each party to bear its own fees and costs. The Clerk of Court is kindly instructed to terminate Carlos Jones.

Dated: November 3, 2026

Cristina D. Silva
United States District Judge